### ANDERSON et al. v. MARTIN MOTOR CO.
### No. 3892.

Court of Civil Appeals of Texas. Texarkana. Nov. 6, 1930.

Rehearing Denied Nov. 13, 1930.

Scott, Casey & Hall, of Marshall, for appellants.

George Prendergast, of Marshall, for appellee.

WILLSON, C. J. (after stating the case as above).

The contention of appellants that the trial court erred when he concluded that the title to the mules in controversy passed to appellee when they were delivered to it is sustained. It appeared without dispute in the evidence that appellant Lewis Anderson owned the mules, and, when appellee demanded possession thereof under a mortgage it claimed Saul Anderson made to it, insisted, if Saul Anderson had made such a mortgage, he had no right to do so. The testimony of L. P. Martin, appellee's president, was that, in the controversy between him and said Lewis Anderson as to his and appellee's respective rights, the former finally agreed he might "take the mules until the matter (evidently meaning the controversy between them) could be settled up" in some other way—it is fair to

assume he meant, we think—than by leaving its determination to the sheriff, as suggested by the witness. The testimony of appellant Lewis Anderson was that he agreed that L. P. Martin "could take the mules until further consideration." The testimony of Jack Martin, the only other witness present when the agreement was made, reasonably construed, we think, was not in conflict with that of L. P. Martin and Lewis Anderson set out above. As we view it, the testimony referred to (and there was none other as to the agreement in question), not only did not authorize a finding that the mules were unconditionally delivered to appellee so as to pass the title in same to it, but required a finding to the contrary. The language of Lewis Anderson, testified to by L. P. Martin, was that the latter could take the mules until the matter could be settled up, not that he could take and retain same as a payment on Saul Anderson's indebtedness to appellee.

We think the judgment should have been in appellant's favor. It will be reversed, and judgment in their favor will be rendered here.

LEVY, J., not sitting.